IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:25-CV-33-KS

| | |
|---|---|
| NICOLE MCGUINNESS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| FRANK BISIGNANO, Commissioner ) | |
| of Social Security Administration,[1] ) | |
| ) | |
| Defendant. ) | |

This matter is before the court for judicial review pursuant to 42 U.S.C. § 405(g) of a final administrative decision terminating Plaintiff's disability insurance benefits ("DIB"), the parties having consented to proceed pursuant to 28 U.S.C. § 636(c). Pursuant to the Supplemental Rules for Social Security Actions, Plaintiff filed an opening brief and the Commissioner filed a motion to remand, to which Plaintiff responded in opposition. The matter is, therefore, ripe for decision. Having carefully reviewed the administrative record and the parties' filings, the court reverses the Commissioner's decision and remands the matter to the Commissioner for an award of benefits.

## STATEMENT OF THE CASE

On January 15, 2017, the Commissioner found Plaintiff disabled as of October 14, 2016, because Plaintiff met Listing 13.13(A)(1) for glioblastoma multiforme. (R. 101–09, 135–38.) On October 5, 2020, the Commissioner notified Plaintiff that her

---

[1] Frank Bisignano became Commissioner on May 7, 2025, and is therefore substituted as a party pursuant to Fed. R. Civ. P. 25(d).

benefits would cease as of October 2, 2020, due to medical improvement. (R. 47, 125, 134, 139–41.) Plaintiff's request for reconsideration was denied after a hearing with a state agency disability hearing officer. (R. 47, 151–62.) Plaintiff then requested a hearing before an administrative law judge ("ALJ"). (R. 179.) ALJ Rebecca Adams held hearings on July 11, 2022, and August 16, 2023, and issued an unfavorable decision on October 2, 2023. (R. 44–100.) On December 12, 2024, the Appeals Council denied review. (R. 1–7.) At that time, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. 404.981. Plaintiff initiated this action on February 11, 2025.

## DISCUSSION

### I. Standard of Review

The scope of judicial review of a final agency decision terminating disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Dowling v. Comm'r of SSA*, 986 F.3d 377, 382–82 (4th Cir. 2021); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (citations omitted) (alteration in original). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its]

2

judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## II. Continuing Disability Determination

The Commissioner's regulations establish an eight-step procedure for determining whether a DIB recipient continues to be disabled. 20 C.F.R. § 404.1594; *see Dowling*, 986 F.3d at 383 (summarizing the procedure); (R. 48–49) (same).

## III. ALJ's Findings

Applying the eight-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act ("the Act"). At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity. (R. 49.) At step two, the ALJ determined that, since October 2, 2020, Plaintiff has not had an impairment or combination of impairments which met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1. (R. 49.) The ALJ expressly considered Listings 13.13, 11.02, and Plaintiff's headaches in connection with SSR 19–4p. (R. 49–50.) At step three, the ALJ determined that medical improvement occurred on October 2, 2020. (R. 50.) At step four, the ALJ determined that the medical improvement is related to Plaintiff's ability to work. (R. 52.) At step six, the ALJ determined that Plaintiff has continued to have a severe impairment or combination of impairments. (*Id.*) Before proceeding to step seven, the ALJ assessed

Plaintiff's residual functional capacity (RFC) and found that Plaintiff has had the RFC to perform light work with various modifications since October 2, 2020. (*Id.*) At step seven, the ALJ determined that Plaintiff has been unable to perform her past relevant work since October 2, 2020. (R. 52.) At step eight, the ALJ determined that, considering Plaintiff's age, education, work experience, and RFC, there were jobs in significant numbers in the national economy that Plaintiff has been able to perform since October 2, 2020. (R. 55.) The ALJ concluded that Plaintiff's disability ended on October 2, 2020, and Plaintiff has not become disabled again since that date. (R. 56.)

IV. Plaintiff's Arguments

Plaintiff raises three arguments on review: (A) the ALJ erred by determining that Plaintiff did not meet Listing 13.13(A)(1), (B) the ALJ improperly evaluated the medical opinion of neuropsychologist Dr. Renee Raynor, and (C) the ALJ improperly evaluated Plaintiff's mental impairments and failed to apply the Paragraph B criteria. (Pl.'s Br. [DE #12] at 13–30.)

The Commissioner opposes reversal and an award of benefits, but moves for a remand "because the ALJ, and not the Court, should further develop the record." (Comm'r's Mem. Supp. Mot. Remand [DE #15] at 3.) The Commissioner says that further factual development is needed regarding Plaintiff mental impairments, the step-three finding of the sequential evaluation process, the evaluation of medical opinion evidence, and the evaluation of Plaintiff's RFC. (*Id.*) The Commissioner offers no specific argument as to whether Plaintiff meets Listing 13.13(A)(1), only saying that the "evidence of record is not so clear as to warrant a reversal for the payment of benefits." (*Id.* at 4–5.)

The ALJ and the Commissioner misread the criteria for Listing 13.13. Because the record clearly establishes that Plaintiff meets Listing 13.13(A)(1) on the basis of her glioblastoma diagnosis, and "another ALJ hearing on remand would serve no useful purpose," the court orders remand to the Commissioner for an award of benefits. *See Arakas v. Comm'r of SSA*, 983 F.3d 83, 111 (4th Cir. 2020). Plaintiff's remaining arguments are, therefore, moot.

The Commissioner's regulations explain that the cancers "listed in 13.13A1 are highly malignant and respond poorly to treatment, and therefore . . . do not require additional criteria to evaluate them." 20 C.F.R. Part 404, Subpart P, App. 1, §13.00(K)(6)(a). Listing 13.13(A) applies to nervous system cancers and appears as follows:

> 13.13 *Nervous system.* (See 13.00K6.)
>
> A.  Primary central nervous system (CNS; that is, brain and spinal cord) cancers, as described in 1, 2, ***or*** 3:
>
> 1.  Glioblastoma multiforme, ependymoblastoma, and diffuse intrinsic brain stem gliomas (see 13.00K6a).
>
> 2.  Any grade III or Grade IV CNS cancer (see 13.00K6b), including astrocytomas, sarcomas, and medulloblastoma and other primitive neuroectodermal tumors (PNETs).
>
> 3.  Any primary CNS cancer, as described in a or b:
>     a. Metastatic.
>     b. Progressive or recurrent following initial anticancer therapy.

20 C.F.R. Part 404, Subpart P, App. 1, § 13.13 (emphasis added).

ALJ Adams mischaracterized the criteria for Listing 13.13(A)(1) by imposing the criteria in subsection (3). ALJ Adams stated that

5

> To meet or medically equal Listing 13.13, the evidence must show A. primary central nervous system cancer: glioblastoma multiforme, ependymoblastoma, and diffuse intrinsic brain stem gliomas; that is 3. Metastatic or B. progressive or recurrent following initial anticancer therapy. The evidence shows that [Plaintiff] was considered in remission since notes from September 2019 ([R. 799]).

(R. 50.) As noted above, the Commissioner's regulations state that the cancers "listed in 13.13A1 are highly malignant and respond poorly to treatment, and therefore . . . do not require additional criteria to evaluate them." 20 C.F.R. Part 404, Subpart P, App. 1, §13.00(K)(6). ALJ Adams' application of the criteria in Listing 13.13(A)(3) was therefore error.

The undisputed record evidence establishes that Plaintiff has had glioblastoma multiforme continuously since she was found to have met Listing 13.13(A)(1) as of October 2016. She therefore meets the criteria in Listing 13.13(A)(1). (R. 987 (10/12/2020 letter from Plaintiff's treating neuro-oncologist, Dr. Dina M. Randazzo, at The Preston Robert Tisch Brain Tumor Center, Duke University Medical Center, dated 10/20/2020, explaining, among other things, that "due to the risk of recurrence there is no such thing as a person being in remission with this disease [glioblastoma]"), 816–20 (1/9/2019 treatment notes from Dr. Randazzo indicating continued diagnosis of "Glioblastoma of the left frontal lobe (WHO grade IV, IDH-mutant)"), 833–41 (4/4/2019 treatment notes from Dr. Randazzo indicating continued diagnosis of "Glioblastoma of the left frontal lobe (WHO grade IV, IDH-mutant)"), 848–56 (7/11/2019 treatment notes from Dr. Randazzo indicating continued diagnosis of "Glioblastoma of the left frontal lobe (WHO grade IV, IDH-mutant)"), 858–65 (10/3/2019 treatment notes from Dr. Randazzo indicating continued diagnosis of

"Glioblastoma of the left frontal lobe (WHO grade IV, IDH-mutant)"), 876–83 & 952–59 (2/12/2020 treatment notes from Dr. Randazzo indicating continued diagnosis of "Glioblastoma of the left frontal lobe (WHO grade IV, IDH-mutant)"), 961–67 (6/10/2020 treatment notes from Dr. Randazzo indicating continued diagnosis of "Glioblastoma of the left frontal lobe (WHO grade IV, IDH-mutant)"), 978–85 (10/7/2020 treatment notes from Dr. Randazzo indicating continued diagnosis of "Glioblastoma of the left frontal lobe (WHO grade IV, IDH-mutant)"), 1185–92 (4/22/2021 treatment notes from Duke indicating continued diagnosis of "Glioblastoma of the left front lobe (WHO grade IV, IDH-mutant)"), 1193–1200 (10/28/2021 treatment notes from Duke indicating continued diagnosis of "Glioblastoma of the left front lobe (WHO grade IV, IDH-mutant)"). The Commissioner offers no argument otherwise.

Because Plaintiff meets the criteria for Listing 13.13(A)(1), the ALJ's decision terminating Plaintiff's benefits is not supported by substantial evidence, and remand would serve no useful purpose. Reversal for an award of benefits is therefore well supported in this case. *See Arakas v*, 983 F.3d at 111.

## CONCLUSION

For the reasons stated above, the Commissioner's decision is REVERSED, the Commissioner's motion to remand [DE #14] is DENIED, and the matter is REMANDED to the Commissioner for an award of benefits.

This 19th day of February 2026.

*[signature: Kimberly A. Swank]*
KIMBERLY A. SWANK
United States Magistrate Judge